THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF MIDDLESEX

v.

THE PRESIDENT, DIRECTORS AND COMPANY OF THE STATE BANK AT NEW BRUNSWICK.

In April, 1877, one Short recovered a judgment at law against the defendants' receiver. He gave to his attorney a note for his costs and professional services in that action and in a foreclosure suit then pending in this court, and agreed that the attorney should hold the judgment as collateral security for the note. Short died in June, 1877, and nothing has ever been paid on account of the note. In August, 1878, the receiver obtained a decree for deficiency, against Short, in the foreclosure suit.—*Held*, that the attorney was entitled to receive from the receiver, payment of the costs of the suit at law, in full, with interest from the date of the judgment, and that he was entitled to receive the dividends on the rest of that judgment, or so much of them as will be sufficient to pay his note and interest, the receiver's claim to offset the decree for sufficiency against the judgment being disallowed.

On petition and stipulation as to facts and affidavits.

*Mr. W. Strong*, petitioner, *in pro. pers.*

*Mr. A. V. Schenck*, for receiver.

THE CHANCELLOR.

James Short recovered a judgment in the Middlesex circuit court, April 24th, 1877, against the receiver of the State Bank at New Brunswick, for $312.99 damages, and $66.33 costs, in an action of *assumpsit* brought against him by the bank before the appointment of the receiver. The suit was pending when the receiver was appointed, and he was substituted as plaintiff. Short's judgment was upon his set-off in the suit. The petitioner was his attorney in that suit. In May, 1877, Short gave to the petitioner, for the amount of his counsel fee ($175) and costs ($66.33) in that suit, and his fee ($30) for his professional services in a foreclosure suit brought by Joseph Fisher against him, his note, dated the 31st of that month, for $221.33, payable at two months from date. Within a few days after the recovery of the judgment, and before the giving of the note, it was agreed between the petitioner and Short that the former should hold the judgment as collateral security for his whole claim against the latter (the items first mentioned), and that if he should be able to collect the money due thereon he should retain the amount due him (unless he should have previously

NOTE.—In the King's Bench, in England, the rule is that judgment between the parties cannot be set off so as to deprive the attorney of his lien for costs, *Mitchell* v. *Oldfield*, 4 T. R. 123 ; *Randle* v. *Fuller*, 6 T. R. 456 ; *Glaister* v. *Hewer*, 8 T. R. 69 ; *Middleton* v. *Hill*, 1 M. & S. 240 ; *Mellville* v. *Leesom*, 1 E., B. & E. 324 ; *Simpson* v. *Lamb*, 7 E. & B. 84 ; see *Mercer* v. *Graves*, L. R. (7 Q. B.) 499.

But the rule is otherwise in the Common Pleas, *Vaughan* v. *Davies*, 2 H. Bl. 440 ; *Hall* v. *Ody*, 2 B. & P. 28, 4 Id. 22 ; *George* v. *Elston*, 1 Scott 518 ; and in Chancery, *Taylor* v. *Popham*, 15 Ves. 72 ; *Ex parte Rhodes*, Id. 541 ; *Gurish* v. *Donvan*, 2 Atk. 166 ; *Shine* v. *Gough*, 2 B. & B. 33.

In *Collett* v. *Preston*, 15 Beav. 458, an application to set off costs recovered by B against A, against costs recovered in a suit respecting the same matter, by A against B, was refused, because it would interfere with the solicitor's lien ; see *Nicholson* v. *Norton*, 7 Beav. 67.

In *Ex parte Cleland*, L. R. (2 Ch. App.) 808, C's solicitor was held entitled to a lien on costs ordered to be paid to C by D, as against a debt due from C to D, at the time when D made an assignment for the benefit of his creditors.

Some American cases hold that the solicitor's lien is subordinate to equities existing between the parties to the judgment, *Porter* v. *Lane*, 8 Johns. 357 ;

received it from Short), and should pay over to Short the balance. Short died intestate June 19th, 1877. He never paid the petitioner's claim nor anything on account of it. When the judgment was recovered there was pending in this court a foreclosure suit (the one before mentioned), brought by Joseph Fisher against Short, on a mortgage given by the latter to the bank and assigned by it to Fisher merely for the purpose of foreclosing it in his name. In that suit a final decree for foreclosure and sale of the mortgaged premises was made February 19th, 1877. The decree also contained the usual decree for the payment of deficiency by Short. Execution for the sale of the mortgaged premises was issued April 20th, 1877, and the property was sold under it November 13th, 1877. The deficiency was not ascertained until August 19th, 1878, when an order was made establishing it at $3,685.36, and directing that execution issue against Short to collect it. Short died, as has been stated, in June, 1877, which was long before the deficiency was ascertained. His administratrix, under the order of this court to limit creditors in this cause, in August, 1877, presented to the receiver her claim, under oath, to the money due on the judgment in the circuit court, subject to the petitioner's claim. It

*Ross* v. *Dole, 13 Johns. 306; People* v. *Manning, 13 Wend. 649; Crocker* v. *Clanghly, 2 Duer 684; Shirts* v. *Irons, 54 Ind. 13; Ex parte Lehman, 59 Ala. 631;* even after the judgment has been assigned to the attorney, as security for his costs, *Cooper* v. *Bigalow, 1 Cow. 206; Wright* v. *Treadwell, 12 Tex. 255;* unless the claims sought to be set off arise out of other matters, *Carter* v. *Bennett, 6 Fla. 215; Robertson* v. *Shutt, 9 Bush 659; Mohawk Bank* v. *Burrows, 6 Johns. Ch. 317;* and notice of the lien has been given by the attorney, *Hurst* v. *Sheets, 21 Iowa 501; Andrews* v. *Morse, 12 Conn. 444; Leavenson* v. *Lafontaine, 3 Kan. 523; Peckham* v. *Barcalow, Hill & Den. 112; Johnson* v. *Ballard, 44 Ind. 270; Daniels* v. *Pratt, 6 Lea 443;* see *Newbert* v. *Cunningham, 50 Me. 231; Walker* v. *Sargeant, 14 Vt. 247.*

The lien of the attorney, however, in an assigned judgment, is now generally recognized as superior to any right of set-off as to judgments between the parties, *Terney* v. *Wilson, 16 Vr. 282; Shapley* v. *Bellows, 4 N. H. 347; Dunkin* v. *Vandenbergh, 1 Paige 622; Gridley* v. *Garrison, 4 Paige 647* (but see *Nicoll* v. *Nicoll, 16 Wend. 446); Zogbaum* v. *Parker, 55 N. Y. 120; Firmenich* v. *Bovee, 1 Hun 532; Prouty* v. *Swift, 10 Hun 232; Davidson* v. *Alfaro, 16 Hun 353, 80 N. Y. 660; Eberhardt* v. *Schuster, 10 Abb. N. C. 374; Currier* v. *Boston R. R., 37 N. H. 223; Boyer* v. *Clark, 3 Neb. 161; Rice* v. *Garnhart,*

Middlesex Freeholders *v.* State Bank.

is understood that though the receiver has paid dividends to the creditors whose claims have been allowed, he has paid none on the Short claim, but has retained the dividends thereon in his own hands to await the judicial determination of the questions which are now before me. The petitioner insists that he is entitled to receive from the receiver the amount of the costs of the judgment in full, with the lawful interest thereon, and also dividends at the same rate as those paid to the other creditors upon the rest of the amount of the judgment. The receiver, on the other hand, claims that he has a right to set off so much of the decree for deficiency as is necessary for the purpose, against the judgment, and that under the circumstances the petitioner has no claim or equity superior to his.

The assignee of a judgment, who acquired his title to it before the recovery of a judgment by the defendant in the assigned judgment against the plaintiff therein, has an equity superior to such defendant's claim to set off the one judgment against the other. The agreement between debtor and creditor that the latter shall have a claim on a specific fund for the payment of his debt operates as an appropriation of the fund *pro tanto* to the payment of the debt, and as an equitable assignment of the

*35 Wis. 282 ; Warfield* v. *Campbell, 38 Ala. 527 ; Renick* v. *Ludington, 16 W. Va. 378 ; Diehl* v. *Friester, 37 Ohio St. 473 ; Brown* v. *Bigley, 3 Tenn. Ch. 618 ; Wells* v. *Elsam, 40 Mich. 218 ; Ripley* v. *Bull, 19 Conn. 53 ; Stratton* v. *Hussey, 62 Me. 289 ;* even where the judgment sought to be set off was recovered *before* the other judgment, *Benjamin* v. *Benjamin, 17 Conn. 110 ; Ely* v. *Cooke, 2 Hilt. 406, 23 N. Y. 365 ; Perry* v. *Chester, 53 N. Y. 240 ; Ennis* v. *Curry, 22 Hun 584 ; Naylor* v. *Lane (N. Y.), 29 Alb. L. J. 212 ;* see *Dingee* v. *Shears, 29 Hun 210 ; Stillman* v. *Stillman, 4 Lea 271 ; Jeffres* v. *Cochrane, 47 Barb. 557, 6 Alb. L. J. 198 ; Prince* v. *Fuller, 34 Me. 122 ; Neil* v. *Staten, 7 Heisk. 290.* See, further, *1 Am. Law Reg. (N, S.) 419, note.* Especially where the judgment has been assigned to the attorney as security for his costs, *Rumrill* v. *Huntington, 5 Day 163.*

A defendant against whom a judgment has been recovered cannot, by thereafter purchasing a judgment against the plaintiff, offset it so as to defeat the attorney's lien, *Bradt* v. *Koon, 4 Cow. 416.*

The attorney must prove clearly what is the amount of his costs and disbursements, *Hooper* v. *Brundage, 22 Me. 460 ; Adams* v. *Lee, 82 Ind. 587 ; Ocean Ins. Co.* v. *Rider, 22 Pick. 210 ;* and move promptly to secure his lien, *Holt* v. *Quimby, 6 N. H. 79 ;* see *Stone* v. *Hyde, 22 Me. 318.*—Rep.

fund to that extent. And the assignment of a chose in action may be by parol. In the case in hand it was agreed between Short and the petitioner that the latter should have a lien upon the judgment for the amount due him from the former. At that time the receiver had no judgment against Short; for the decree for deficiency in the foreclosure suit had not the force and effect of a judgment at law until the time when the amount of the deficiency was ascertained, which was not until August, 1878. The equity of the petitioner is superior to that of the receiver. He is entitled to payment of the costs of the judgment in full, with interest thereon from the date of the recovery of the judgment. They are costs which were awarded against the receiver in a suit prosecuted by him for the benefit of his trust, and were payable at once and in full. The petitioner is entitled to the dividends on the rest of the amount of the judgment, or so much of them as will be sufficient to pay the balance due him from Short's estate on the note. In view of the fact that the assignment was by parol, merely, and therefore the receiver could not safely recognize the petitioner's rights without the direction of the court, no costs should be allowed to the petitioner.